UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURIE GRIZZARD,<br>　　　　　Plaintiff,<br>v.<br><br>EPICENTRE PARK, PLLC AND<br>DALLAS PLASTIC SURGERY<br>INSTITUTE, INC.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Laurie Grizzard ("Grizzard" or "Plaintiff") complains of Defendants Epicentre Park, PLLC and Dallas Plastic Surgery Institute, Inc. as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff is a 54 year old individual residing in Dallas, County, Texas.

2. Defendant Epicentre Park, PLLC is a Texas Professional Limited Liability Company with its principal place of business in Dallas, Texas. Defendant may be served process to BYRDATATTO, PLLC at 8150 N. Central Expressway, Suite 930 Dallas, Texas 75206.

3. Defendant Dallas Plastic Surgery Institute, Inc. is a Texas Corporation with its principal place of business in Dallas, Texas. Defendant may be served process to BYRDATATTO, PLLC at 8150 N. Central Expressway, Suite 930 Dallas, Texas 75206.

Plaintiff's Original Complaint - page - 1

4. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiffs civil rights. This Court has subject matter jurisdiction over this action under 42 U.S.C. § 12101e *et seq.* and 29 U.S.C. § 621 et seq. and because the amount in controversy is within the Court's jurisdictional limits.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 139l(b)(1) because Defendants' principal business location is in this District.

## Facts

6. Plaintiff is a cosmetic nurse injector. From August 2010 until January 2020, Plaintiff worked for Dallas Medical Skin Solutions ("DMSS"). DMSS was a company owned by a former Partner of Defendant Dallas Plastic Surgery Institute ("DPSI").

7. DMSS and its sister company, Defendant Epicentre shared Suite 500 at 9101 N. Central Expressway in Dallas. Epicentre is a subsidiary of DPSI and at all times acted as a joint employer with DPSI.

8. Nina Owen was the Operations Manager for Epicentre and provided human resource support for both Epicentre and DMSS. Plaintiff reported to Stephanie Holden at DMSS though interacted with Ms. Owen and Epicentre's staff on a daily basis.

9. Plaintiff suffers from degenerative joint disease of her thumbs - the result of which prevents her from being able to perform repetitive motions with her hands. In 2019, Plaintiff underwent reconstructive surgery on her right hand to allow her to continue her work as a nurse injector. Although the surgery was successful, Plaintiff remained unable to perform

simple, repetitive tasks that could further damage her joints. To this end, Plaintiff was given permanent work restrictions by her physician to preserve her joints.

10. When Plaintiff returned to work with her physician's restrictions, Plaintiff's manager with DMSS (Ms. Holden) granted Plaintiff an accommodation whereby other employees would pull and return her patient files each day. Ms. Owen, in contrast, expressly prohibited Epicentre's support staff from providing the accommodation to Plaintiff. Because Ms. Owen refused to allow her staff to accommodate Plaintiff's disability, Ms. Holden pulled and replaced all of Plaintiff's files herself.

11. In January of 2020, Plaintiff's then employer DMSS left the DPSI and moved DMSS to a new location. In connection with the above move, Plaintiff was approached by Ms. Owen about remaining in the office space and becoming an employee of EpiCentre. This was understandable given Plaintiff's client base and Epicentre's desire to retain same with DMSS's departure. Wanting to remain at the same location for her clients, Plaintiff accepted the offer and began her employment with Epicentre on or about February 10, 2020.

12. In connection with her hiring by Epicentre, Ms. Owen provided Plaintiff an employment agreement that required Plaintiff to perform the very tasks Plaintiff's physician prohibited her from performing under her medical restrictions. Plaintiff reminded Epicentre about her condition - at which point a new agreement was provide which required Plaintiff to obtain a physicians's confirmation of her restrictions every six months. As her disability/restrictions are permanent, Plaintiff appealed to Ms. Owen's boss, DPSI President John Burns, about the language who instructed that the "six month" language be removed from the Agreement.

13. Shortly after Plaintiff signed her employment agreement, Covid hit and the office closed

until May 2020. Upon her return, Plaintiff was retaliated against by Ms. Owen and Epicentre based on her disability and for her requested accommodation. Among other conduct, Ms. Owen's and her staff began diverting Plaintiff's patients to other providers, refused to provide Plaintiff training provided to similarly situated employees, and refused to comply with Plaintiff's medical restrictions. Plaintiff was ultimately terminated on February 9, 2021. Among the alleged reasons for her termination, Defendants claimed Plaintiff was unprofessional to staff regarding their failure to accommodate her medical condition. This is untrue and was a pretext to terminate Plaintiff. Plaintiff was thereafter replaced by a 26 year injector that was less qualified than Plaintiff. At this point, the remainder of Plaintiff's clients were appropriated by Epicentre who demanded that Plaintiff comply with a non-compete agreement.

14. Plaintiff jointly filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights ("TCHRA") on March 3, 2021. The EEOC issued a right to sue on February 9, 2023. This action is filed within 90 days of Plaintiff's receipt of the EEOC right to sue.

**COUNT 1**
DISCRIMINATION IN VIOLATION OF
THE ADA
(Disability and Retaliation)

15. The foregoing paragraphs of this Original Petition are incorporated in this Count as fully as if set forth at length herein.

16. Plaintiff is an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(4),

17. Defendants are employers within the meaning of the ADA, 42 U.S.C. § 12111(5).

18. All conditions precedent to filing this action for age and disability discrimination as well as retaliation under the ADA have been met. Plaintiff timely joint filed with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendants. Plaintiff received a Notice of Right to Sue from the EEOC within 90 days of the filing of this Complaint.

19. Defendants have violated the ADA, 42 U.S.C. 12112 *et seq.,* by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's disability and in retaliation for engaging in protected conduct.

20. As a result of Defendants' unlawful employment practices, Plaintiff has suffered damages including back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, and seeks to recover for those sums.Defendant's action in discharging Plaintiff due to her age, disability and in retaliation for engaging in protected conduct was intentional, willful and malicious so that Plaintiff is entitled to recovery of exemplary damages.

21. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §12205.

## COUNT 2
### DISCRIMINATION IN VIOLATION OF THE ADEA

22. The foregoing paragraphs of this Original Petition are incorporated in this Count as fully as if set forth at length herein.

23. Plaintiff is an employee within the meaning of the Age Discrimination in Employment

Act, 29 U.S.C. § 621 et seq. ("ADEA.")

24. Defendants are employers within the meaning of the ADEA.

25. All conditions precedent to filing this action for age discrimination under the ADEA have been met. Plaintiff timely filed with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendants. Plaintiff received a Notice of Right to Sue from the EEOC within 90 days of the filing of this Complaint.

26. Defendants have violated the ADEA, 29 U.S.C. § 623 by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's age.

27. As a result of Defendants' unlawful employment practices, Plaintiff has suffered damages including back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, and seeks to recover for those sums. Defendant's action in discharging Plaintiff due to her age was intentional, willful and malicious so that Plaintiff is entitled to recovery of exemplary damages.

28. Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. § 626.

### REQUEST FOR JURY

PLAINTIFF HEREBY REQUESTS A JURY IN THIS MATTER.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein and that on final hearing, the Court enter judgment as follows:

(1) Judgment in favor of Plaintiff against Defendants for all actual damages proximately caused by Defendants' conduct.

(2). Judgment in favor of Plaintiff against Defendant for Plaintiff's court costs and reasonable attorneys' fees, expert witness fees, and deposition copy costs;

(3). Punitive damages and damages for emotional distress;

(4). Pre-judgment and post-judgment interest at the maximum rate allowable by law;

(5). Such other and further relief to which Plaintiff may be justly entitled.

Dated - May 3, 2023

Respectfully Submitted,

The Hartmann Firm
by: /s/ Clay A. Hartmann
Texas State Bar No. 00790832

The Hartmann Firm
400 N. St. Paul, Suite 1420
Dallas, Texas 75201
(214) 828.1822
clay.hartmann@thehartmannfirm.com

ATTORNEYS FOR PLAINTIFF